IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00649-BNB

WILLIAM R. STEVENSON,

    Plaintiff,

v.

R. CORDOVA, Captain at Colorado Territorial Correctional Facility, in his official and
    individual capacities,
D. NUNEZ, Captain at Colorado Territorial Correctional Facility, in his official and individual capacities,
M. HOLLOWAY, Lieutenant at Colorado Territorial Correctional Facility, in his official and individual capacities,
K. TOPLISS, Lieutenant at Colorado Territorial Correctional Facility, in his official and individual capacities,
C. WILLIAMS, Lieutenant at Colorado Territorial Correctional Facility, in his official and individual capacities,
H. WILLIAMS, Lieutenant at Colorado Territorial Correctional Facility, in his official and individual capacities,
K. CLINKENBEARD, Sergeant at Colorado Territorial Correctional Facility, in her official and individual capacities,
J. ESPINOZA, Sergeant at Colorado Territorial Correctional Facility, in his official and individual capacities,
G. SULLIVAN, Sergeant at Colorado Territorial Correctional Facility, in his official and individual capacities,
J. HANSON, Corrections Officer at Colorado Territorial Correctional Facility, in his official and individual capacities,
J. SOTO, Corrections Officer at Colorado Territorial Correctional Facility, in his official and individual capacities,
J. BUFMACK, Nurse at Colorado Territorial Correctional Facility, in her official and individual capacities,
M. BENOVEDEZ, Sergeant at Colorado Territorial Correctional Facility, in his official and individual capacities,
V. WOLFE, Grievance Coordinator at Colorado Territorial Correctional Facility, in her official and individual capacities, and
A. BELL, Case Manager at Colorado Territorial Correctional Facility, in his official and individual capacities,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, William R. Stevenson, is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Canón City, Colorado. Mr. Stevenson has filed a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Stevenson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Stevenson will be directed to file an amended complaint.

Mr. Stevenson alleges in the Complaint that on February 29, 2012, Defendants Espinoza, Clinkenbeard, Hanson, and Sullivan subjected him to excessive force by:

> excessively tasing him five times in rapid succession; by applying handcuffs more tightly than necessary; by dropping him on his face from approximately 2-3 feet in the air after he was handcuffed, shackled and otherwise subdued; by then pressing his face hard into the floor grinding his teeth on the concrete; by intentionally bending his wrist and pulling his arms while handcuffed and strapped to a back board; and by ignoring his repeated and reasonable complaints about the cuffs being too tight and refusing his requests to loosen the same.

(ECF No. 1, at 10). Plaintiff further alleges that as a result of the Defendants' use of force, he has suffered scarring on his back from the taser; gashes and swelling to his

wrists; lasting injury to his hands and fingers due to nerve damage; two chipped teeth, lacerations to his lower lip; and pain.  Mr. Stevenson asserts that the use of force was unjustified because there was not an emergency situation or threat to anyone's safety, and that Defendants Holloway, C. Williams, H. Williams, and Cordova were present during the use of excessive force but failed to intervene.  Plaintiff further states that after the incident, Defendants Soto and Benovedez intentionally pulled on his arm hard at the elbow, putting additional pressure on his wrists and causing severe pain.  Plaintiff complained repeatedly to Defendant Cordova that the handcuffs were too tight, but he refused to remove the cuffs.

      Mr. Stevenson further claims in the Complaint that Defendants Cordova, Holloway, and Clinkenbeard conspired to cover up the violation of his Eighth Amendment right to be free from excessive force by falsely initiating a prison disciplinary action against Plaintiff for assault.  Plaintiff alleges that Defendants Nunez, Bufmack, and Holloway refused to accurately document the extent of his injuries.  On March 15, 2012, Defendant Cordova issued Plaintiff an incident report for assault and for advocating and creating a facility disruption, which contained several false allegations concerning Plaintiff's behavior during the use of force incident.  Defendant Topliss, acting as a disciplinary hearing officer, found Plaintiff guilty of the unsubstantiated charges.

      Plaintiff subsequently wrote a letter to Defendant Warden Timme asking her to reverse the disciplinary conviction.  Correctional Officer Aldrich advised Mr. Stevenson that she would reverse the disciplinary conviction and expunge it from his prison record.  On May 4, 2012, Plaintiff received notice that his COPD conviction had been reversed.

Finally, Plaintiff alleges that Defendant Bell, Plaintiff's case manager, and Defendant Wolfe, the facility's grievance coordinator, interfered with his efforts to exhaust his administrative remedies. He further contends that Defendant Bell engaged in actions that caused Plaintiff to be classified as a high risk offender. Mr. Stevenson seeks injunctive and monetary relief.

The Complaint is deficient because Plaintiff fails to allege the personal participation of Defendants Nunez, Bufmack, Wolfe, and Bell in a deprivation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The gravamen if Plaintiff's Complaint is an excessive force claim.  Plaintiff does not allege that Defendants Nunez and Bufmack were involved in the use of force against him, however.  Instead, he alleges only that these Defendants failed to properly document his injuries.  These allegations fail to state an arguable claim for relief.

Further, Mr. Stevenson cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also  Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Plaintiff's allegations that Defendants Wolfe and Bell interfered with his efforts to grieve the alleged use of excessive force fail to state an arguable constitutional deprivation.  "[T]here is no independent constitutional right to state administrative grievance procedures."  *Boyd v. Werholtz*, No. 10-3284, 443 F. App'x 331, 332 (10th Cir. Oct. 3, 2011) (unpublished); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Moreover, the state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *See Bingham v. Thomas*, 654 F.3d 1171,

5

1177-78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest . . . . " (quotation and brackets omitted)). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam).

Finally, Mr. Stevenson's allegations that Defendant Bell caused him to be classified as a high risk offender do not implicate the Constitution because an inmate does not have a constitutionally-protected liberty interest in his prison classification. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir.1994) (finding that an inmate does not have a protected liberty interest in his prison classification under Federal or Colorado law) (citing *Meachum v. Fano*, 427 U.S. 215, 225, (1976)). Accordingly, it is

ORDERED that Plaintiff, William R. Stevenson, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Stevenson shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. <u>Plaintiff is reminded that his Prisoner Complaint may not exceed 30 pages</u>. *See* Information and

Instructions for Filing a Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Stevenson fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, some of the claims and defendants may be dismissed without further notice for the reasons discussed above.  It is

DATED April 8, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge