IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00649-BNB

WILLIAM R. STEVENSON,

     Plaintiff,

v.

R. CORDOVA, Captain at Colorado Territorial Correctional Facility, in his official and
     individual capacities,
D. NUNEZ, Captain at Colorado Territorial Correctional Facility, in his official and
individual capacities,
M. HOLLOWAY, Lieutenant at Colorado Territorial Correctional Facility, in his official
and individual capacities,
K. TOPLISS, Lieutenant at Colorado Territorial Correctional Facility, in his official and
individual capacities,
C. WILLIAMS, Lieutenant at Colorado Territorial Correctional Facility, in his official and
individual capacities,
H. WILLIAMS, Lieutenant at Colorado Territorial Correctional Facility, in his official and
individual capacities,
K. CLINKENBEARD, Sergeant at Colorado Territorial Correctional Facility, in her official
and individual capacities,
J. ESPINOZA, Sergeant at Colorado Territorial Correctional Facility, in his official and
individual capacities,
G. SULLIVAN, Sergeant at Colorado Territorial Correctional Facility, in his official and
individual capacities,
J. HANSON, Corrections Officer at Colorado Territorial Correctional Facility, in his
official and individual capacities,
J. SOTO, Corrections Officer at Colorado Territorial Correctional Facility, in his official
and individual capacities,
J. BUFMACK, Nurse at Colorado Territorial Correctional Facility, in her official and
individual capacities,
M. BENOVEDEZ, Sergeant at Colorado Territorial Correctional Facility, in his official
and individual capacities,
V. WOLFE, Grievance Coordinator at Colorado Territorial Correctional Facility, in her
official and individual capacities, and
A. BELL, Case Manager at Colorado Territorial Correctional Facility, in his official and
individual capacities,

     Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE

_____

Plaintiff, William R. Stevenson, is in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañón City, Colorado.  Mr. Stevenson has filed a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On April 8, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Mr. Stevenson failed to allege the personal participation of some of the Defendants in a deprivation of his constitutional rights. Magistrate Judge Boland directed Plaintiff to file an amended complaint within thirty days of the April 8 Order.  On April 30, 2014, Mr. Stevenson filed a document titled "Clarification of Plaintiff's Pleadings" (ECF No. 11).  He has not filed an amended complaint.  Magistrate Judge Boland warned Plaintiff in the April 8 Order that if he failed to file an amended complaint, the Court would proceed to review the allegations of his original complaint, which may result in the dismissal of some claims and Defendants.

Mr. Stevenson has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Mr. Smith's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Complaint liberally because Mr. Stevenson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

2

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss this action, in part, and draw the remainder to a presiding

judge and, if appropriate, to a magistrate judge.

Mr. Stevenson alleges in the Complaint that on February 29, 2012, Defendants

Espinoza, Clinkenbeard, Hanson, and Sullivan subjected him to excessive force by:

> excessively tasing him five times in rapid succession; by applying
> handcuffs more tightly than necessary; by dropping him on his face from
> approximately 2-3 feet in the air after he was handcuffed, shackled and
> otherwise subdued; by then pressing his face hard into the floor grinding
> his teeth on the concrete; by intentionally bending his wrist and pulling his
> arms while handcuffed and strapped to a back board; and by ignoring his
> repeated and reasonable complaints about the cuffs being too tight and
> refusing his requests to loosen the same.

(ECF No. 1, at 10).  Plaintiff states that after the incident, Defendants Soto and

Benovedez intentionally pulled on his arm hard at the elbow, putting additional pressure

on his wrists and causing severe pain.  Plaintiff complained repeatedly to Defendant

Cordova that the handcuffs were too tight, but he refused to remove the cuffs. Plaintiff

asserts that as a result of the Defendants' use of force, he suffered scarring on his back

from the taser; gashes and swelling to his wrists; lasting injury to his hands and fingers

due to nerve damage; two chipped teeth, lacerations to his lower lip; and pain.  Mr.

Stevenson maintains that the use of force was unjustified because there was not an

emergency situation or threat to anyone's safety, and that Defendants Holloway, C.

Williams, H. Williams, and Cordova were present during the use of excessive force, but

failed to intervene.

Plaintiff alleges that Defendants Nunez, Bufmack and Holloway refused to

adequately document the extent of his injuries in order to minimize them, and that he

was denied medical attention for approximately four weeks after the incident.  On April 5, 2014, a nurse practitioner ordered x-rays for Plaintiff's wrists, prescribed medication for his ongoing pain, and referred him to the dentist, who restored Plaintiff's chipped teeth.

Mr. Stevenson further claims in the Complaint that Defendants Cordova, Holloway and Clinkenbeard conspired to cover up the violation of his Eighth Amendment right to be free from excessive force by falsely initiating a prison disciplinary action against Plaintiff for assault. On March 15, 2012, Defendant Cordova issued Plaintiff an incident report for assault and for advocating and creating a facility disruption, which contained several false allegations concerning Plaintiff's behavior during the use of force incident.  Defendant Topliss, acting as a disciplinary hearing officer, found Plaintiff guilty of the unsubstantiated charges.  Plaintiff subsequently wrote a letter to Defendant Warden Timme asking her to reverse the disciplinary conviction. Correctional officer Aldrich advised Mr. Stevenson that she would reverse the disciplinary conviction and expunge it from his prison record.  On May 4, 2012, Plaintiff received notice that his COPD conviction had been reversed.

Finally, Plaintiff alleges that Defendant Bell, Plaintiff's case manager, and Defendant Wolfe, the facility's grievance coordinator, denied or interfered with his efforts to exhaust administrative remedies.  He alleges that Defendant Bell caused him to be classified as a high risk offender after "intentionally trying to prevent [Plaintiff] from exhausting [his administrative remedies].  (ECF No. 1, at 40).  Mr. Stevenson seeks injunctive and monetary relief.

In the Order Directing Plaintiff to File an Amended Complaint, Magistrate Judge

Boland found that Plaintiff failed to allege facts to show the personal participation of Defendants Nunez, Bufmack Bell, and Wolfe in a deprivation of Plaintiff's constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir.  2010).   After further review of the Complaint, in conjunction with the "Clarification of Plaintiff's Pleading," the Court finds that Plaintiff allegations against Defendants Nunez, Bufmack, and Bell are not subject to dismissal as legally frivolous.

Plaintiff's allegations that Defendants Nunez and Bufmack conspired to falsify his medical records to minimize the extent of his injuries, that Plaintiff did not receive treatment for his injuries until approximately one month after the alleged excessive force incident, and that he experienced ongoing pain state an arguable claim for relief.  *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (recognizing that a "deliberate refusal to provide medical attention [for prisoner's serious medical needs], . . . , coupled with falsification of medical records may give rise to an Eighth Amendment violation"). *See also Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (delay in providing medical care violates the Eighth Amendment only "where the plaintiff can show the delay resulted in substantial harm"; and recognizing that "[t]he substantial harm requirement may be satisfied by . . . considerable pain.") (internal citations and quotation marks omitted).

Further,  Mr. Stevenson's allegations that Defendant Bell assigned him a higher security classification after Bell intentionally tried to prevent Plaintiff from exhausting his administrative remedies state an arguable claim for unconstitutional retaliation. *See Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010).

However, Mr. Stevenson cannot maintain an Eighth Amendment claim against Defendant Wolfe solely on the basis that the Defendant denied or failed to adequately investigate Plaintiff's excessive force grievance.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also  Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

In addition, Plaintiff's allegations that Defendant Wolfe interfered with his efforts to grieve the alleged use of excessive force fails to state an arguable constitutional deprivation.  "[T]here is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, No. 10-3284, 443 F. App'x 331, 332 (10th Cir. Oct. 3, 2011) (unpublished); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Moreover, the state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *See Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not

give rise to a protected liberty interest . . . . " (quotation and brackets omitted)). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam).  The Court finds that Defendant Wolfe is an improper party to this action and he will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Stevenson's claims against Defendants Cordova, Nunez, Holloway, Topliss, C. Williams, H. Williams, Clinkenbeard, Espinoza, Sullivan, Hanson, Soto, Bufmack, Benovedez, and Bell do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Defendant Wolfe is DISMISSED from this action.  It is

FURTHER ORDERED that Plaintiff's claims against Defendants Cordova, Nunez, Holloway, Topliss, C. Williams, H. Williams, Clinkenbeard, Espinoza, Sullivan, Hanson, Soto, Benovedez, and Bell shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this _20th_ day of ____May____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court